UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 11, filed September 20, 2016)

## I. INTRODUCTION & BACKGROUND

On January 12, 2007, in consideration of a loan from the U.S. Small Business Administration ("SBA"), defendant Willie Mitchell executed a Promissory Note in the amount of $95,000. Dkt. 1 ("Compl.") ¶ 2. On or about September 2009, Mitchell defaulted on the payment of his obligation on the Note, with $90,277.44 still owing. Id. ¶ 4.

On May 15, 2015, the United States brought this action against Mitchell to recover Mitchell's obligation on the Promissory Note, along with costs and fees. See id.

On October 6, 2015, the government served Mitchell with the summons and complaint. Dkt. 5.

On August 25, 2016, pursuant to the government's request, the Clerk of Court entered a default against Mitchell. Dkt. 10.

On September 20, 2016, the government filed the instant motion for default judgment. Dkt. 11 ("Motion"). The government seeks to recover: (a) the unpaid principal, in the amount of $90,277.44; (b) the fees charged by Debt Management Services ("DMS") of the Bureau of the Fiscal Service for the Treasury Department in the amount of $27,068.23; (c) the fees charged by the Department of Justice ("DOJ") in the amount of $3,627.70; (d) attorneys' fees in the amount of $5,209.90; and (e) costs in the amount of 480.50. Id. at 4–5; dkt. 11-2, Declaration of Regina Crisafulli ("Crisafulli Decl.") ¶ 14.

On May 8, 2017, the Court held oral argument. Mitchell did not appear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment.  Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.  See Eitel, 782 F.2d at 1471–72; see also Elektra, 226 F.R.D. at 392.

## III.  DISCUSSION

### A.  Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered.  PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72.  Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit.  Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003).  Given Mitchell's failure properly to respond and defend this suit, the government would be prejudiced if denied a remedy against Mitchell.  As a result, the first Eitel factor weighs in favor of the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

**B.     Substantive Merits and Sufficiency of the Claim**

Courts often consider the second and third Eitel factors together.  See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013).  The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover."  PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

As stated above, the government seeks to recover Mitchell's outstanding obligation on his promissory note.  Therefore, the government effectively alleges a breach of contract claim.  To prevail on a breach of contract claim in California, a plaintiff must show "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  Oasis W. Realty, LLC v. Goldman, 250 P.3d 1115, 1121 (Cal. 2011).[1]

The government alleges that, on or about January 12, 2007, Mitchell executed a Promissory Note in the principal amount of $95,000 in consideration for a loan from the SBA.  Compl. ¶ 2 & Ex. 1.   Mitchell also executed a Commercial Guaranty for the Note.  Compl. ¶ 2 & Ex. 2.  In September 2009, Mitchell defaulted on the loan.  Id. ¶ 4.  The government has been unable to collect on the unpaid principal of the loan and the fees accrued in its attempts to collect from Mitchell. Id. at 2.  As evidenced by the foregoing, the government has sufficiently alleged the elements for a breach of contract claim.  Therefore, the second and third Eitel factors weigh in favor of entering a default against Mitchell.

---

[1] The government's claim is subject to a six-year statute of limitations, rather than the four-year limitations period ordinarily applicable to contract claims.  See United States v. Frey, 708 F. Supp. 310, 312 (D. Kan. 1988) ("An action by the United States to collect the balance due on an SBA loan is subject to the statute of limitation found at 28 U.S.C. § 2415(a); a state statute of limitations cannot displace federal law with respect to such an action."); cf. Briggs v. United States, No. 07-cv-05760 WHA, 2009 WL 1176297, at *3 (N.D. Cal. Apr. 30, 2009) ("The government's . . . contract claim to recover the balance remaining on plaintiff's credit-card debt, would be barred by a six-year statute of limitations in Section 2415(a).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

**C.  Sum of Money at Stake in the Action**

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72.  "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate."  United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks $126,612.96—a considerable amount of money.  See Motion at 6.  This figure includes: (a) $90,277.44 in unpaid principal; (b) a 30% fee charged by DMS, amounting to $27,068.23; (c) a 3% fee charged by DOJ, amounting to $3,627.70; (d) $5,209.90 in attorneys' fees; and (e) $480.50 in costs.  See Motion at 4–5; Crisafulli Decl.

In support of this request, the government submits evidence of Mitchell's indebtedness in the form of the Promissory Note, the Commercial Guaranty, a Certificate of Indebtedness, and the Transcript of Account—which show $90,277.44 is owing in unpaid principal.  Crisafulli Decl. Exs. 1–5.

With respect to the fees that the government seeks, in general, creditor agencies are required to pass along debt collection costs to the debtor.  See 31 U.S.C. § 3713(e)(1) ("The head of an executive, judicial, or legislative agency shall assess on a claim owed by a person . . . a charge to cover the cost of processing and handling a delinquent claim").  In addition, Mitchell agreed to be responsible for the cost of collecting his debt if he did not pay.  See Crisafulli Decl. Ex. 1 ("Promissory Note") at 3 ("Lender may hire or pay someone else to help collect this Agreement if borrower does not pay.  Borrower will pay Lender this amount.").

The government contends that DMS charges creditor agencies fees to cover the cost of collection, as is authorized by 31 U.S.C. § 3711(g)(6), 31 C.F.R. § 285.12(j), and 31 C.F.R. § 901.1(f).  See Crisafulli Decl. ¶ 10.  Section 3711(g)(6) of Title 31 authorizes an agency referring a nontax claim to a debt collection center to be charged a fee and permits the agency to collect such a fee by retaining the fee from the collected debt.  See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6    'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

31 U.S.C. § 3711(g)(6). The regulations that the government cites provide much the same, so long as the fees do not exceed the amounts collected. See 31 C.F.R. §§ 285.12(j), 901.1(f). The government asserts that DMS charges fees at the rate of 28% for debts that are less than two years delinquent and at the rate of 30% for debts that are more than two years delinquent. Crisafulli Decl. ¶ 10. The government cites no authority establishing these particular rates. At oral argument, the Court asked the government's counsel, Kathryn E. Van Houten, why DMS was entitled to charge a 30% fee to cover the cost of collection where DMS—and any private collection agency under contract with DMS—failed to recover the debt. Van Houten responded that she serves as private counsel for the government, that Mitchell's debt has been assigned to her office, and that her representation of the government was part of the debt collection process. Accordingly, the Court finds that a 30% fee in the amount of $27,068.23 is appropriate.

The government contends that DOJ is authorized to charge a 3% fee "pursuant to 28 U.S.C. § 527 note." Crisafulli Decl. ¶ 11. The government appears to be referring to the 21st Century Department of Justice Appropriations Authorization Act, which contains a "note" stating that the DOJ may retain "up to 3 percent of all amounts collected pursuant to civil debt collection litigation activities" of the Department. Pub. L. No. 107–273, § 11013, 116 Stat. 1758 (2002) ("Section 527 Note"). At oral argument, the Court asked counsel for the government why the government may recover an *additional* 3% in fees when the Section 527 Note provides only that DOJ may credit to its capital fund "up to three percent of all amounts collected pursuant to civil debt collection litigation." See Section 527 Note. The Court granted the government leave to file a supplemental brief in order to respond to this question. See dkt. 18. On May 24, 2017, the government notified the Court that it would not file such a brief. The Court therefore finds that the Section 527 Note permits DOJ to retain 3% of the amount collected, not to collect an additional 3% fee.

The government seeks attorneys' fees, which are provided for by the Promissory Note. See Motion at 5; dkt. 11-3, Declaration of Kathryn E. Van Houten ("Van Houten Decl.") ¶ 3; Promissory Note at 3 ("Lender may hire or pay someone else to help collect this Agreement if borrower does not pay. Borrower will pay Lender this amount. This includes subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit . . . . Borrower will also pay any court costs, in addition to all other sums provided by law."). Attorneys' fees may be granted pursuant to Local Rule 55-3, which permits attorneys' fees as part of a default judgment "[w]hen a promissory note, contract or applicable statute provides for the recovery of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

reasonable attorneys' fees[.]" C.D. Cal. L.R. 55-3. Pursuant to the schedule set forth in Local rule 55-3, the government calculates attorneys' fees as $3,600 plus 4% for amounts over $50,000, amounting to $5,209.09.

Finally, the government seeks costs in the amount of $480.50, which is comprised of a $400 filing fee and $80.50 in fees for service of process. Motion at 5; dkt. 12.

The Court concludes that this factor weighs in favor of entry of a default judgment. The Court finds that the amount the government seeks in unpaid principal, $90,277.44, is appropriate based on the Promissory Note, Certificate of Indebtedness, and Transcript of Account. In addition, the government has demonstrated a basis for its request for attorneys' fees and costs in the amount of $27,068.23 and $480.50, respectively. The Court further finds it appropriate to award the government the 30% fee charged by DMS. However, the Court declines to award the 3% fee ($3,627.70). Accordingly, the Court finds the amount of money at stake in the action—$123,036.07—reasonably proportionate to the harm Mitchell has caused.

### D. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case. See, e.g., Elektra, 226 F.R.D. at 393. Mitchell has not answered the complaint and nothing in the record indicates that any of the material facts are in dispute. Therefore, accepting the facts as stated in the complaint as true given the sufficiency of the complaint, this factor weighs in favor of a default judgment.

### E. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote.

The government has demonstrated that its process server properly served Mitchell with the summons and complaint. Further, the government has provided proof of service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03671-CAS(RAOx) | Date | May 26, 2017 |
| Title | UNITED STATES OF AMERICA v. WILLIE MITCHELL | | |

for the instant motion. Thus, Mitchell has received actual notice of this lawsuit and this Motion. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### F.   Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

### G.   Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors counsel in favor of default judgment, including the merits of the government's claim. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, this Court finds that entry of the default judgment is appropriate.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the government's motion for default judgment. Mitchell is liable to the government in the amount of $123,036.07 (comprising the unpaid principle, fees, and costs) to the government. Counsel for the government shall submit a proposed judgment in accordance with this order forthwith.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |